UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shaker Masri,                           Case No. 16-cv-4132 (MJD/FLN)

          Petitioner,

                                             **ORDER AND**
v.                                                    **REPORT AND**
                                                  **RECOMMENDATION**

T. J. Watson,

          Respondent.

_____

Shaker Masri, *pro se*, for Petitioner.
Ana Voss, D. Gerald Wilhelm, David Fuller, Assistant United States Attorneys, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Shaker Masri's Petition under 28 U.S.C. § 2241 for writ of habeas corpus by a person in federal custody (ECF No. 1), and emergency motion to expedite trial schedule (ECF No. 14). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Masri's motion is **GRANTED in part** and **DENIED in part**, and the Court recommends that Masri's Petition be **DENIED**.

## I. BACKGROUND

Masri is currently serving a 118-month term of imprisonment after pleading guilty to one count of knowingly attempting to provide material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). Pet. 2, ECF No. 1. Masri's projected release date is February 25, 2018. *Id.* at 4. On December 12, 2016, Masri filed the present Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") decision that Masri receive a pre-release placement in a residential re-entry center ("RRC") for 180 days. *Id.* at 3–5. Through this Petition, Masri seeks "the maximum amount of RRC

placement, 12 months." *Id.* at 4.

## II. LEGAL ANALYSIS

Before seeking review in federal court, federal prisoners seeking a writ of habeas corpus under 28 U.S.C. § 2241 are required to exhaust administrative remedies available within the prison system. *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). The BOP has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §§ 542.10–.19.  The regulations prescribe four steps that must be taken in order to satisfy the exhaustion requirement: (1) an inmate must first present his claim to an appropriate prison staff member by submitting a request for informal resolution; (2) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden (Form BP-9); (3) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director (Form BP-10); and (4) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office (Form BP-11). 28 C.F.R. §§ 542.10–.19. To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps. *Id.*

Here, Masri completed the informal resolution process and then presented a formal written claim to the warden, which was denied in November 2016. ECF No. 1 at 3; Boldt Decl. ¶ 16, Exs. B and C, ECF No. 9. Masri then filed an appeal to the Regional Office, which was denied on December 5, 2016. ECF No. 9 ¶ 16, Exs. B and D. There is no record that Masri appealed to the General Counsel in the Central Office as required to exhaust all administrative remedies. Indeed,

the Court observes that Masri initiated this action on December 12, 2016, within one week of the Regional Office's denial of the appeal. ECF No. 1. It is well established that Masri must exhaust all available administrative remedies before seeking extraordinary relief in a § 2241 habeas corpus petition. *See Elwood v. Jeters*, 386 F.3d 842, 844 n.1 (8th Cir. 2004); *U.S. v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000). Because Masri has failed to satisfy this exhaustion requirement, the Petition must be denied.

### III. ORDER

The Court has expeditiously considered Masri's Petition as requested in the emergency motion filed on February 10, 2017. Mot. for Expedited Trial Schedule, ECF No. 14. Masri requests that the all objections be filed within seven (7) days from the date of this Report and Recommendation and all responses to objections be filed within seven (7) days subsequent. Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Masri's motion to expedite (ECF No. 14) is **GRANTED** to the extent that all objections must be filed within seven (7) days from the date of this Report and Recommendation. After any objections are filed, responses must then be filed within seven (7) days from the date of service of those objections. In all other respects, the motion is **DENIED**.

### III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a writ of habeas corpus (ECF No. 1) be **DENIED**.

DATED: February 17, 2017                              *s/Franklin L. Noel*
                                                       FRANKLIN L. NOEL
                                                       United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

A party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 7 days after being served a copy of the Report and Recommendation. A party may respond to those objections within 7 days after being served a copy of the objections. All objections and responses must comply with the word or line limits set for in LR 72.2(c).